UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JACOB SMITH,

    Plaintiff

v.

ISIDRO BACA, et al.,

    Defendants

Case No.: 3:22-cv-00522-MMD-CSD

**Order**

    Chief District Judge Du screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment unsafe conditions of confinement claim based on allegations that Baca, the Nevada Department of Corrections (NDOC) Doe Director and Doe Caseworker all knew that inmates in Unit 1 at Warm Springs Correctional Center (WSCC) had contracted COVID-19, but moved them to Unit 4—which was Plaintiff's unit—and Plaintiff contracted COVID-19 and has suffered from adverse symptoms. Plaintiff was allowed to proceed against the NDOC Doe Director and Doe Caseworker once he learned of their identity. (ECF No. 3.)

    On August 18, 2023, Plaintiff filed a motion seeking to substitute in Steve Daniels for the Doe NDOC Director and Edward Gibson for the Doe Caseworker. He also sought to add the NDOC as a defendant. (ECF No. 13.)

    On August 24, 2023, the court granted Plaintiff's motion to the extent that Steve Daniels was substituted for the Doe NDOC Director and Edward Gibson was substituted for the Doe Caseworker. The court gave the Attorney General's Office until September 13, 2023, to file a notice indicating whether it would accept service for Daniels and Gibson. (ECF No. 16.)

On September 1, 2023, Defendant Baca filed a response to the motion to substitute. It appears they oppose the substitution for the Doe defendants because they do not have any "knowledge of how [Plaintiff] came across the names of the individuals he requests to add as Defendants" without having done any discovery.

Chief District Judge Du's screening order was clear that Plaintiff could proceed against the Doe defendants once he learned their identity. Plaintiff's motion indicates that he has done just that. He need not specify how he learned of their identities. If the Attorney General's Office believes that these named defendants are not in fact the NDOC Director or the particular caseworker involved, a motion could be filed to that effect.

Defendant Baca also argues that the proposed amendment to add NDOC is futile. The court agrees, which is why the court did not allow Plaintiff to proceed with an amendment adding NDOC as a party. This is because a government agency which is an arm of the state, such as NDOC, is not a person that can be sued for purposes of section 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The complaint will proceed on the Eighth Amendment unsafe conditions of confinement claim against Baca, Daniels and Gibson. The Attorney General's Office obligation remains to file a notice on or before **September 13, 2023**, advising whether it will accept service for Daniels and Gibson, and if it does not, to file a last known address under seal.

**IT IS SO ORDERED**.

Dated: September 5, 2023

_____
Craig S. Denney
United States Magistrate Judge